IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KARA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:05-0496 |
| ) | Judge Trauger |
| WHITE CASTLE SYSTEM, INC., ) | Magistrate Judge Knowles |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

Plaintiff's counsel has filed Objections (Docket No. 62) to the Magistrate Judge's Report and Recommendation awarding sanctions against him personally under 28 U.S.C. § 1927 for certain of his actions in this case (Docket No. 52). The defendant has not responded to the plaintiff's objections.

An award of sanctions of this sort is a non-dispositive matter. *Temple v. WISAP USA in Texas*, 152 F.R.D. 591 (D. Neb. 1993). Therefore, this court may only reconsider or reverse the Magistrate Judge's ruling if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 72(a), FED. R. CIV. P. This is a "limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

Of the various rulings contained within the Magistrate Judge's 31-page ruling, plaintiff's counsel, Robert J. Martin, only objects to the Magistrate Judge's recommendation that Mr. Martin pay defense counsel's costs, expenses and/or attorney's fees pursuant to 28 U.S.C. § 1927 with regard to the plaintiff's filing of (1) claims for pregnancy discrimination and intentional infliction of emotional distress in the original Complaint and (2) two Motions to Amend.

1

The Magistrate Judge correctly set out the standard for an award of costs, expenses and attorney's fees reasonably incurred under 28 U.S.C. § 1927 and distinguished this standard from an award of sanctions under Rule 11, FED. R. CIV. P. (Docket No. 52 at 12-13) He then went on to meticulously analyze the various defense requests for sanctions under § 1927. (Docket No. 52 at 13-29) In preparation for this analysis, the Magistrate Judge ordered the filing of the complete deposition of the plaintiff (Docket No. 50), which the Magistrate Judge read in order to competently and fairly make his rulings on this motion.[1]

In determining that § 1927 sanctions were appropriate with regard to plaintiff's counsel's inclusion in the original Complaint of a claim for pregnancy discrimination under Title VII, the Magistrate Judge set out 15 instances contained in the plaintiff's deposition that she alleged to be acts of pregnancy discrimination. (Docket No. 52 at 17-20) However, the Magistrate Judge found that none of these amounted to an adverse employment action, as required to establish her *prima facie* case, and this court cannot find that conclusion clearly erroneous or contrary to law.

Apparently to cure this defect of no alleged adverse employment action, three days after the plaintiff testified in her deposition that she did not voluntarily quit her job in May of 2004 to return to school but, instead, considered herself constructively discharged, plaintiff's counsel filed a motion to amend her Complaint to add claims of constructive discharge and retaliation (Docket No. 17). This judge denied that motion on the ground that she had failed to exhaust her

---

[1]Though awarding some of the sanctions sought by defense counsel, in his analysis, he roundly criticized defense counsel's characterization of the plaintiff's claims and, by separate Order, set a hearing for defense counsel to show cause why she had not, herself, violated Rule 11, FED. R. CIV. P. (Docket No. 53)

2

administrative remedies with regard to those claims. (Docket No. 18 at 2)[2]  The Magistrate Judge found the filing of this motion sanctionable under § 1927 because it was frivolous, and that was a correct ruling.

The plaintiff had filed her Charge with the EEOC on July 30, 2004 (Docket No. 17-3 at 1) and stated therein that she was already being assisted by attorney Robert J. Martin (*Id.* at 7). She alleged in her Charge that the alleged discrimination took place between November 21, 2003 and February 27, 2004. (*Id.* at 1)  Her last day of work for White Castle was May 14, 2004, some two and one-half months before the filing of the EEOC Charge. Therefore, the plaintiff knew when she filed her Charge whether or not she had a constructive discharge or retaliation claim.  She did not check the "Retaliation" box on the Charge form, and nowhere therein did she allege that she had been fired or constructively discharged.  Therefore, she failed to exhaust her administrative remedies with regard to this claim, as found by this judge and by the Magistrate Judge, and her filing of this motion to amend was sanctionable under § 1927.

Mr. Martin argues that retaliation and constructive discharge claims routinely are considered by the courts, even though not included in an EEOC charge, because these actions on the part of employers after the filing of an EEOC charge are common and meet the "expected scope of investigation test." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (quoting *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002).  But the cases cited by Mr. Martin do not support the application of that principle to this case.  Here, the plaintiff filed her EEOC Charge after she left the employment of the defendant.  Therefore, she knew at

---

[2]This motion also moved to amend to add a claim under 42 U.S.C. § 1983 for denial of equal protection. (Docket No. 16)  This request, too, was denied as frivolous, given the fact that the defendant, White Castle System, Inc., is not a state actor. (Docket No. 18 at 2)

3

the time she filed the Charge whether or not she had been retaliated against or constructively discharged. In this factual situation, she had a duty to include this claim on her Charge; she either had a constructive discharge claim at the time she filed her Charge, or she did not. This is not a situation where someone still employed filed a charge and then, while it was pending, suffered retaliation or constructive discharge. It is in that factual situation that a plaintiff does not have to have included the retaliation and constructive discharge claims in the charge for them to be properly tried in the subsequent lawsuit. The court finds that the Magistrate Judge's award of sanctions under § 1927 for the filing of the Supplemental Motion for Leave to Amend the Original Complaint (Docket No. 16) fully justified and not clearly erroneous or contrary to law.

The Magistrate Judge also awarded § 1927 sanctions for the inclusion in the original Complaint of a claim for intentional infliction of emotional distress, in that that claim was barred by the statute of limitations at the time it was filed. Mr. Martin's Objections do not persuade the court that this ruling was in error. The original Complaint was filed on June 22, 2005. (Docket No. 1) The last day of the plaintiff's employment with the defendant, and therefore the last day on which she could have experienced intentional infliction of emotional distress, was May 14, 2004. The statute of limitations for this cause of action is one year, and that one-year period had expired by the time the Complaint was filed. Therefore, this claim was barred by the statute of limitations when it was filed,[3] and sanctions are appropriate.

The Magistrate Judge also awarded § 1927 sanctions for the filing of the first Motion to Amend, seeking to add tort claims for malicious harassment and outrageous conduct (Docket No.

---

[3]In apparent recognition of this fact, on April 4, 2006, the plaintiff agreed to dismiss this claim with prejudice. (Docket No. 21)

4

15).  This judge denied that motion on the grounds of futility because, again, the one-year statute of limitations had run on those two claims, even if they "related back" to the filing of the original Complaint pursuant to Tennessee Rule of Civil Procedure 15.03.  (Docket No. 18 at 1-2) This court cannot find the award of sanctions for the filing of this motion clearly erroneous or contrary to law either.

For the reasons expressed herein, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 52) and **AFFIRMS** the award of sanctions under 28 U.S.C. § 1927 against plaintiff's counsel, Robert J. Martin.

The Magistrate Judge ordered defense counsel to file affidavits detailing the excess costs, expenses, and/or attorney's fees to be awarded as sanctions (Docket No. 52 at 24, 26, 27, 28), and defense counsel made those filings on August 22, 2007 (Docket Nos. 58-60).  Mr. Martin has responded to those filings (Docket Nos. 67-68), and the defendant has replied to the filings by Mr. Martin (Docket No. 69).  The calculation of the § 1927 sanctions must now be made by the Magistrate Judge.  Therefore, this case is **REMANDED** to Magistrate Judge Knowles for the computation of the sanctions to be awarded against Robert J. Martin.

This file shall remain open for the award of sanctions.  However, the Order granting the defendant's Motion for Summary Judgment (Docket No. 30) and dismissing the plaintiff's claims (Docket No. 47) is **REINSTATED**, as there is no reason not to do so at this point in time.

It is so **ORDERED**.

ENTER this 7th day of December 2007.

_____
ALETA A. TRAUGER
U.S. District Judge

5